HENDERSON *v.* TOWN OF FRANKLIN.

(*Nashville*, December Term, 1938.)

Opinion filed July 1, 1939.

W. J. SMITH and ALICE IRVIN, both of Franklin, for appellant.

JOHN H. HENDERSON, T. P. HENDERSON, R. H. CROCKETT, E. WARD HARRIS, WARD HUDGINS, W. C. MONTGOMERY, J. F. EGGLESTON, J. H. CAMPBELL, E. W. EGGLESTON, TYLER

BERRY, JR., ROBT. H. POLK, and ROBT. L. RICHARDSON, JR., all of Franklin, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The bill, filed by a resident taxpayer of the town of Franklin, asks that the officials of the town be enjoined from paying out any sums of money appropriated by the Board of Mayor and Aldermen of said town to the free public library organized by the citizens therein, which library is located within its corporate boundaries. The Board of Mayor and Aldermen on November 1, 1938, appropriated $600 ''to the use of the Public Library of Franklin, payable Fifty Dollars monthly.''

Defendant demurred to the bill upon the ground that said appropriation was legal and valid. The chancellor sustained the demurrer and dismissed the bill. Complainant has appealed and assigns the action of the chancellor for error.

By Chapter 100, Pub. Acts 1929, the Legislature provided for the establishment, organization, and maintenance of public libraries in the incorporated cities and towns in the State. Sections 1 and 2 of said Act, as carried into the Code at sections 2298 and 2299, are as follows:

2298. ''The governing body of any incorporated city or town shall have the power to establish and maintain a free public library, or give support to any free public library already established therein, or contract with another library for library service for the use of the inhabitants of such city or town.''

2299. ''Upon the decision of such governing body to

establish, maintain, or support a free public library, or to contract with another library for library service, it shall levy for the purpose a tax of not more than six mills on the dollar on all taxables of such city or town, or shall use therefor funds raised for taxes for municipal purposes, such a library or service being declared a municipal purpose.''

We find it unnecessary to decide whether prior to the passage of this Act the town of Franklin, in its governmental capacity, had the power to establish and maintain such a library. Such authority was certainly conferred upon it by this Act. Counsel do not insist that the Legislature is without authority to confer such power upon municipal corporations, but takes the position that the charter of the city prohibits appropriating funds for library purposes, and that Chapter 100, Pub. Acts 1929, being general, does not repeal by implication the charter provision relied upon, which is special and local. The provision of the charter which counsel invoke is Chapter 79, Article 6, section 9, Acts 1903, and is as follows:

''Be it further enacted, That the Board of Mayor and Aldermen shall not contract for the expenditure of any greater sum of money in any one year than the income for that particular year amounts to, and said board is forbidden to make any appropriation of money in the way of festivities, pageants, excursions, parades or donations of any kind, except to provide medicines, medical attention and coffins for the absolutely destitute paupers of the town.''

We see no conflict between the quoted charter provision and Chapter 100, Pub. Acts 1929. The charter provision has reference to the general revenues of the town and prohibits appropriating any part thereof for festivities,

pageants, excursions, parades, or like activities. The doctrine of *ejusdem generis* applies since clearly, we think, the Legislature did not intend by the words "or donations of any kind" to prohibit appropriations for all purposes, but only those coming within the enumerated class. But to remove any doubt that might arise as to the right of the authorities to appropriate funds for "medicines, medical attention and coffins for the absolutely destitute paupers of the town," the Legislature expressly authorized the board to appropriate funds for those purposes out of the general revenues.

Chapter 100, Pub. Acts 1929, deals with a subject not coming within the class enumerated in the quoted charter provision, namely, a public library; declares its establishment and maintenance a public use; authorizes a special tax for its establishment and maintenance; but provides that the Board may apply the general funds to such use. In other words, if general funds are available for the maintenance of the library a sufficient amount thereof may be appropriated for that purpose; otherwise the board may levy a special tax to support the library.

The chancellor was correct in sustaining the demurrer of defendant and dismissing the bill, and his decree is affirmed.